Matter of Friedman (2022 NY Slip Op 06802)

Matter of Friedman

2022 NY Slip Op 06802

Decided on November 30, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LARA J. GENOVESI, JJ.

2022-01841

[*1]In the Matter of Jonathan I. Friedman, admitted as Jonathan Ian Friedman, an attorney and counselor-at-law. (Attorney Registration No. 2746915)

APPLICATION pursuant to 22 NYCRR 1240.10 by Jonathan I. Friedman, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on March 25, 1996, under the name of Jonathan Ian Friedman, to resign as an attorney and counselor-at-law.

Courtny Osterling, White Plains, NY (Matthew C. Toal of counsel), for Grievance Committee for the Ninth Judicial District.
Richard M. Maltz, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The respondent, Jonathan I. Friedman, has submitted an affidavit sworn to on March 11, 2022, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District, involving at least the following allegation of professional misconduct: that he was employed as general counsel by PT Network, LLC, and converted approximately $500,000 of company funds by diverting the funds to two fictional outside vendors of his employer. The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent attests that he repaid PT Network, LLC, more than $770,000, which included all of the misappropriated funds, plus interest, and the company's investigation costs, audit fees, and legal fees related to his misconduct. Notwithstanding the foregoing, the respondent acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or [*2]others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and GENOVESI, JJ., concur.
ORDERED that the application of the respondent, Jonathan I. Friedman, admitted as Jonathan Ian Friedman, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan I. Friedman, admitted as Jonathan Ian Friedman, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Jonathan I. Friedman, admitted as Jonathan Ian Friedman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan I. Friedman, admitted as Jonathan Ian Friedman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jonathan I. Friedman, admitted as Jonathan Ian Friedman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court